IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HUNG MICHAEL NGUYEN § | NO. _____ | |
| an individual; § | | |
|    On Behalf of Himself § | | |
|    And All Others Similarly Situated, § | | |
|         Plaintiffs, § | | |
| § | | |
| V. § | | |
| § | | |
| APPLE, INC., § | Class Action Complaint | |
|    A California Corporation, § | | |
|         Defendant § | Jury Trial Demanded | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Hung Michael Nguyen ("Plaintiff"), on his own behalf and on behalf of all others similarly situated complains against Apple, Inc. ("Apple"), and alleges as follows:

## NATURE OF THE CASE

1. This class action lawsuit is brought by and on behalf of individuals who have purchased defective iPhone 4 cellular devices.

2. On Thursday June 24, 2010 and thereafter, Apple produced and distributed its Apple iPhone 4. The iPhone 4 is defective in that normal handling and use often causes the phone to lose all information connectivity, including both voice and data. The iPhone 4 as designed is not suitable for its intended purpose and is defectively designed. Apple knew or had reason to know that it was producing and distributing defectively designed phones, yet they took no steps to modify the design prior to release of the phone to the general public. Apple is currently aware of the defective design, and rather than recalling a clearly defective product, Apple has chosen to blame its customers for holding the phone incorrectly. Apple's solution to the design problem inherent in the iPhone 4 is to tell consumers to hold the phone in a manner inconsistent with normal cell phone use,

or alternatively to purchase from Apple a rubber "bumper" type case that is so far not widely available to the general public.

3.   Plaintiff is informed and believes and, on that basis, herein alleges that Apple did not utilize due care when designing, testing, marketing, or selling the defective product. In addition, Plaintiff is informed and believes and, on that basis, herein alleges that Defendant either knowingly or negligently distributed defective iPhone 4 units even after publicly acknowledging the inherent design defect.

4.   Plaintiff and class members were sold a defective product, that also required entering into a two year service contract through AT&T. Plaintiff and class members are unable to return the defective phone without paying a restocking fee. Therefore Plaintiff and class members are stuck with a defective phone with no recourse that would not leave them financially damaged.

5.   Pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4), 23(b)(3), and 23(c)(4)(A), Plaintiff bring this class action lawsuit on behalf of themselves and all similarly situated individuals. Plaintiff contemplate that two phases of litigation will be necessary to achieve the goals of this action.

(a)   Phase one of the litigation, on behalf of the class representatives and all class members, will seek to establish liability of Apple.  Phase one would seek to prove that Defendant is liable for knowingly or negligently placing a defective product into the stream of commerce; that Defendant is liable for the design, manufacture, marketing, distribution, or sale of a defective product; that Defendant failed to warn of the product defect; that Defendant breached warranties; and that Defendant made fraudulent and negligent misrepresentations about the product.

(b)   Assuming Plaintiff and class members are successful in establishing liability in phase one of the litigation, phase two would become necessary. After establishing Defendant's liability, phase two of the litigation would seek only to prove compensatory and punitive damages suffered by the Class Representatives and

other individual Plaintiff actions consolidated in this Court.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter based on the diversity of citizenship of the Plaintiff and Defendants as established by 28 U.S.C. § 1332.

7. Without reference to punitive damages, the amount in controversy in compensatory damages for each Plaintiff and Class member exceeds the sum of $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. § 1391, venue in the Southern District of Texas is proper. Defendant has sold, and received profits from the sale of, defective iPhone 4 units in this District. Defendant has caused tortious injury by acts or omissions in this District and/or caused tortious injury in this District by acts or omissions outside this District.

## PARTIES

9. Individual and Representative Plaintiff Hung Michael Nguyen is, and was at all times relevant hereto, a resident of the State of Texas. Plaintiff Hung Michael Nguyen purchased the defective iPhone 4 on Thursday June 24, 2010.

10. Apple, Inc. is a California corporation and was, at all times relevant hereto, a corporation with its principal place of business in California. At all times relevant herein, Apple or its agents, manufactured, distributed, marketed, and sold the defective iPhone 4 throughout the United States, including this District, to class members. Apple may be served with citation and a copy of this complaint at the below listed registered agent:

> C T CORPORATION SYSTEM, REGISTERED AGENT
> APPLE, INC.
> 818 WEST SEVENTH STREET
> LOS ANGELES CA 90017

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this class action on behalf of himself and all others

similarly situated, as members of the proposed Plaintiff National Class. The Proposed Plaintiff Class (the "Class"), which Plaintiff seek to represent is defined as follows:

> **All persons in the United States who have purchased an Apple iPhone 4, manufactured by Apple since June 24, 2010.**

12. This action has been brought and may properly be maintained pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4), 23(b)(3), and 23(c)(4)(A) and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements.

13. Class members are so numerous that their individual joinder herein is impracticable. There are potentially millions of class members, given that Defendant has designed, manufactured, marketed, distributed, or sold in the United States over 1.7 million defective iPhone 4 units since June 24, 2010. The precise number of class members and their identities are unknown to Plaintiff at this time but will be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third party vendors.

14. Common questions of law and fact exist as to all class members. These questions predominate over questions affecting only individual class members. These common legal and factual questions include:

  (a)  Whether Defendant were negligent in the design, manufacturing, and distribution of the iPhone 4;

  (b)  Were the iPhone 4 units designed, manufactured, marketed, distributed, or sold by Defendant from June 24, 2010 until the present unfit for their intended purpose and use because of their design;

  (c)  Whether Defendant breached any warranties in selling the iPhone 4 units;

  (d)  Whether Defendant intentionally misrepresented material facts relating to the character and quality of the iPhone 4;

    (e) Whether Defendant negligently misrepresented material facts relating to the character and quality of the iPhone 4.

  15. The claims of Plaintiff are typical of the claims of the class members. Plaintiff was sold a defective iPhone 4 unit, which drops calls and data service when held in a manner consistent with normal cellular phone use. Plaintiff has experienced numerous dropped calls, and as a result, Plaintiff is left with a device that cannot be used for the normal purpose and in the normal manner in which such devices are intended to be used. Plaintiff is unable to return the phone without incurring a substantial restocking fee. As a result of the defect in the iPhone 4, Plaintiff has suffered monetary damages. Defendant's design, manufacture, marketing, distribution, or sale of the defective iPhone 4 has directly and proximately caused all class members to suffer injury. Accordingly, Plaintiff has been subjected to substantially the same wrongdoing as all other class members. Plaintiff and all class members have sustained identical monetary damages due to the purchase of the defective iPhone 4 product.

  16. Plaintiff is an adequate representative of the Class because his interest does not conflict with the interests of the class members he seeks to represent, he has retained counsel competent and experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of class members will be fairly and adequately protected by Plaintiff and his counsel.

  17. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer

management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## FACTUAL ALLEGATIONS

18. Defendant is one of the leading designers and manufactures of "smart phones" worldwide. Defendant designs and tests its products including the iPhone 4, in Cupertino, California among other places. Defendant has manufacturing facilities in China where the iPhone 4 was assembled. Defendant undergoes extensive usability testing on all of its products, including the iPhone 4. Defendant was aware of the defect in the iPhone 4 antenna placement and design prior to release the product into the market, yet Defendant failed to warn or inform plaintiff and class members of the inherent design flaw.

19. Defendant's iPhone 4 product began to malfunction almost immediately upon release. By the end of the first day of the iPhone 4 public sales on Thursday June 24, 2010, reports of the antenna design problems were widely circulating on the Internet and among technology and "gadget" blogs. Plaintiff first experienced the dropped signal resulting from the defective antenna placement on June 24, 2010. Defendant is currently aware of the design defect. Rather than issuing a recall, Defendant has opted to blame consumers for holding the phone in a manner in which cell phones are normally held. Defendant has also offered the solution of purchasing an additional $29.95 rubber "bumper" style case to remedy the defect. Notably, there is no solution offered by Defendant which allow plaintiff and class members to return the defective product without incurring a substantial financial penalty.

20. Defendant has made numerous representations about the quality, features, and usability of the iPhone 4. Defendant was at all times aware that plaintiff and class members would rely on Defendant's representations. Defendant was aware that plaintiff

and class members were specifically relying on Defendant's representations that the iPhone 4 could be held like a normal cell phone and that the iPhone 4 would maintain voice and data connectivity while being held in a manner consistent with normal cell phone usage.

21. Defendant has been aware at least since the first day of sales of the iPhone 4 to the general public that the iPhone 4 could not be used in a manner consistent with normal cell phone use without the plaintiff and class members either holding the phone in an awkward manner inconsistent with normal cell phone use, or by the Plaintiff and class members purchasing additional equipment from Apple.

22. Prior to the release of the iPhone 4, Defendant widely distributed promotional literature showing the phone being held in a manner that causes the voice and data connectivity to drop. Defendant represented to the public, to plaintiff, and to class members, that the iPhone 4 could be held in a manner in which people typically hold cell phones. If the iPhone 4 is held in a manner consistent with Defendant's advertisements and marketing materials, it will not function as intended.

23. Plaintiff is informed and believes, and on that basis, herein alleges that Defendant did not act with due care when designing, manufacturing, marketing, and selling the defective iPhone 4. Defendant also failed to use due care by failing to issue a voluntary recall or at the least by waiving the restocking fee.

24. At all relevant times, Defendant had actual or constructive knowledge of the foregoing problems with the iPhone 4 antenna design and placement and, therefore, is directly liable for the injuries to Plaintiff and class members.

25. Plaintiff, individually and on behalf of all class members, alleges that he had no knowledge of the defects inherent in the iPhone 4. Plaintiff and class members could not have known or reasonably discovered, or had reason to know of the defect inherent in the iPhone 4 until after they purchased and began using the product. Plaintiff and class members were informed and believed, and allege thereon, that they could not

have known or reasonably discovered that the Apple's defective design and marketing of the iPhone 4 would cause the harm suffered by Plaintiff and class members.

26. Defendant knowingly concealed the defect in the iPhone 4 until it became clear by overwhelming proof presented in the media that the iPhone 4 was defective. By engaging in the conduct describe thus far, Defendant is guilty of fraud, and Plaintiff and class members are, therefore, entitled to recover exemplary and punitive damages.

## FIRST CAUSE OF ACTION
## PRODUCTS LIABILITY—GENERAL NEGLIGENCE

27. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 26 above and further allege as follows.

28. Defendant in designing, manufacturing, marketing, and distributing the iPhone 4 had a duty to Plaintiff and class members to do so in a reasonable manner and to ensure that the product was without defect.

29. Defendant breached this duty when it placed the defective product into the stream of commerce either with knowledge or negligently unaware of its defective nature.

30. As a direct and proximate result of Defendant's negligence, the defective iPhone 4 has caused economic injury to Plaintiff and all class members.

31. Wherefore, Plaintiff pray for damages as set forth below.

## SECOND CAUSE OF ACTION
## PRODUCTS LIABILITY—DEFECT IN DESIGN, MANUFACTURE, AND ASSEMBLY

32. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 31 above and further allege as follows.

33. The iPhone 4 units that are the subject of the instant action were not reasonably fit, suitable, or safe for their intended use by reason of a defect in their design,

manufacture, or assembly, which caused them to not function properly as a cellular communication device.

34. The defect in design, manufacture, or assembly existed at the time Defendant placed the iPhone 4 units into the stream of commerce.

35. The iPhone 4 units were used in their intended and reasonably foreseeable way when they failed to function properly and caused economic damage and harm to Plaintiff and all class members.

36. As a direct and proximate result thereof, Plaintiff and class members have been injured and damaged.

37. Wherefore, named Plaintiff pray for damages as set forth below.

### THIRD CAUSE OF ACTION
### PRODUCTS LIABILITY—BREACH OF EXPRESS AND IMPLIED WARRANTY

38. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 37 above and further allege as follows.

39. Defendant as the designer, manufacturer, marketer, distributor, or seller expressly warranted that the iPhone 4 units were fit for their intended purpose in that they would function properly as smart phones when used in a manner typical of cell phone usage. Specifically, Defendant widely distributed promotional literature showing the iPhone 4 being used in a manner in which Defendant now admits causes the units to lose their connectivity.

40. Defendant also breached the warranty implied in the contract for the sale of goods in that the goods could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they did not function properly as a smart phone. Furthermore, such goods did not conform to the promises or affirmations of fact made on the container and label. As a result, Plaintiff and class members did not receive the goods as impliedly warranted by Defendant to be

merchantable.

41. Defendant impliedly warranted that the iPhone 4 units were fit for the purpose for which they were designed in that they would function normally as a smart phone when held in a manner consistent with normal cell phone usage. In reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose, Plaintiff and class members purchased the iPhone 4 units for use as smart phones.

42. The iPhone 4 units were not altered by Plaintiff and class members. The iPhone 4 units were defective when they left the exclusive control of Defendant and Defendant knew the iPhone 4 units would be purchased and used without additional testing for functionality by plaintiff and class members. The iPhone 4 units were defectively designed and were unfit for their intended purpose and Plaintiff and class members did not receive the goods as warranted.

43. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and class members have been injured and damaged.

44. Wherefore, named Plaintiff prays for damages as set forth below.

## FOURTH CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION

45. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 44 above and further allege as follows.

46. At all times herein referred to, Defendant was engaged in the business of designing, manufacturing, marketing, distributing, or selling the iPhone 4 units which are the subject of the instant litigation.

47. Defendant, acting through its officers, agents, servants, representatives, or employees, delivered the iPhone 4 units to their own retail stores, as well as AT&T retail stores, distributors, and various other distribution channels.

48. Defendant willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the iPhone 4 units. These misrepresentations are

contained in various media advertising and packaging disseminated or caused to be disseminated by Defendant, and such misrepresentations were reiterated and disseminated by officers, agents, representatives, servants, or employees of Defendant, acting within the line and scope of their authority, so employed by Defendant to merchandise and market the product. Specifically, the promotional literature showed the iPhone 4 units being used and held in a manner which causes the units to lose data and voice connectivity.

49. Defendant's representations were made with the intent that the general public, including Plaintiff and class members, rely upon them. Defendant's representations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof.

50. In actual and reasonable reliance upon Defendant's misrepresentations, Plaintiff and class members purchased and used the iPhone 4 units for their intended and reasonably foreseeable purposes: i.e., as smart phones. Plaintiff and class members were unaware of the existence of facts that Defendant suppressed and failed to disclose. If they had been aware of the suppressed facts, Plaintiff and class members would not have purchased the defective iPhone 4 units.

51. Plaintiff and class members are informed and believe, and thereon allege, that Defendant misrepresented material facts with the intent to defraud Plaintiff and class members. Plaintiff and class members were unaware of the intent of Defendant and relied upon the representations of Defendant in agreeing to purchase the iPhone 4 units. Plaintiff and class members' reliance on the representations of Defendant was reasonable.

52. In actual and reasonable reliance upon Defendant's misrepresentations, Plaintiff and class members purchased the defective iPhone 4 units and used them in the way in which they were intended, the direct and proximate result of which was injury and harm to the Plaintiff and class members.

53. Wherefore, named Plaintiff prays for damages as set forth below.

## FIFTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

54.     Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 53 above and further allege as follows.

55.     Defendant negligently and recklessly misrepresented various material facts regarding the quality and character of their product, under circumstances where Defendant either knew or, in the exercise of reasonable care, should have known that the representations were not true or were not known to be true.  These misrepresentations were contained in various advertising, packaging, and correspondence from Defendant, and such misrepresentations were further reiterated and disseminated by the officers, agents, representatives, servants, or employees of Defendant acting within the scope of their authority.

56.     In reliance upon these misrepresentations, Plaintiff and class members purchased various quantities of the product for use as cellular communication devices. Had Plaintiff or class members known the true facts, including, but not limited to, the fact that the iPhone 4 units were defectively designed, they would not have purchased the units from Defendant.

57.     As a direct and proximate consequence of Defendant's negligent misrepresentations, Plaintiff and class members have been injured.

58.     Wherefore, named Plaintiff pray for damages as set forth below.

## SIXTH CAUSE OF ACTION
### FRAUD BY CONCEALMENT

59.     Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 58 above and further allege as follows.

60.     Plaintiff are informed and believe, and thereon allege, that Defendant knew that the iPhone 4 units would lose connectivity when used in their normal intended manner, and Defendant and concealed this fact.

61.     Defendant had a duty to disclose this information to Plaintiff and class

members. Defendant failed to timely disclose this information to Plaintiff and class members.  Further, Defendant actively suppressed and concealed the fact that the iPhone 4 could not be held in a manner consistent with the normal usage of cellular communication devices.

62. Defendant concealed such information for the purpose of inducing the purchase and use of iPhone 4 units designed, manufactured, distributed, and sold by Defendant.

63. Plaintiff and class members were unaware of the existence of facts, which Defendant failed to disclose and actively suppressed and concealed.  If they had been aware of the facts not disclosed by Defendant, they would not have agreed to the purchase or use of the defective iPhone 4 units.  Plaintiff and class members are informed and believe and thereon allege that Defendant concealed such material facts with the intent to defraud Plaintiff and class members.  Under the circumstances, especially since Defendant omitted and concealed material facts, Plaintiff and class members' reliance on the representations of Defendant was reasonable.

64. As a result of Defendant's material omissions, failure to disclose, and active concealment, Plaintiff and class members purchased and used Defendant's defective iPhone 4 units in the way in which they were intended, the direct and proximate result of which was injury and harm to the Plaintiff and class members.

65. Wherefore, named Plaintiff pray for damages as set forth below.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

66. Plaintiff and class members reallege and incorporate by reference each allegation contained in paragraphs 1 through 65 above and further allege as follows.

67. Plaintiff and class members are consumers as defined by the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"), Texas Business & Commerce Code chapter 17. Defendant may be sued under the DTPA.

68. Defendant engaged in false, misleading, or deceptive acts and practices and Plaintiff and class members relied on Defendant to their detriment. Defendant engaged in false, misleading, and/or deceptive acts and practices by representing that the iPhone 4 had characteristics, uses, and benefits that it did not have. Defendant further engaged in deceptive trade practices by representing that the iPhone 4 was of a particular standard, quality, or grade that it was not.

69. Defendant has further violated the DTPA by violating express and implied warranties related to the iPhone 4.

70. Defendant further violated the DTPA by failing to disclose information about the iPhone 4's antenna and reception issues, which defendant was aware of at all times pertinent hereto, and Defendant's failure to disclose these material facts was intended to induce Plaintiff and class members into purchasing an iPhone 4 when they otherwise would not have entered into such transactions if the information had been disclosed.

71. Plaintiff and class members relied on the false statements and omissions of Defendant to their detriment.

72. Defendant further acted unconscionably by committing acts or practices that to Plaintiff and class members' detriments, took advantage of Plaintiff and class members' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

73. Defendant's violations of the DTPA were committed knowingly and intentionally

## PRAYER FOR RELIEF
### (NAMED PLAINTIFF AND CLASS MEMBERS)

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendant, as follows:

1. An order certifying the Plaintiff Class and appointing Plaintiff and his respective counsel to represent the Class;

2. Declaratory judgment for liability against Defendant under causes of action 1-7;

3. Judgment for costs of the suit incurred, including attorneys' fees; and

4. Such further legal and equitable relief as this court may deem proper.

5. For general and special damages according to proof.

### PRAYER FOR RELIEF
### (NAMED PLAINTIFF ONLY)

1. For special damages according to proof;

2. For general damages according to proof;

3. For punitive and exemplary damages in causes of action 4, 6 & 7, the bases for which will be proven at trial. Said exemplary or punitive damages are due and awardable pursuant to the actions of Defendant described above, including fraud and deceit, wanton and reckless acts of commission and omission, and outrageous and malicious conduct, in an amount in favor of each Plaintiff, as a multiple of each Plaintiff's compensatory damages, all totaled to an amount sufficient to punish said Defendant so as to deter it and others like it from similar wrongdoing;

4. Prejudgment interest;

5. For Plaintiff's attorney fees and costs of suit incurred herein;

6. Such further legal and equitable relief as this court may deem proper.

Dated: June 29, 2010                    Respectfully Submitted,

                                               **THE SHEENA LAW FIRM**

                                               By: _____
                                                 DANNY M. SHEENA
                                                 State Bar No. 10887600
                                                 S.D. Texas Bar No. 19110
                                                 1001 Texas, Suite 240
                                                 Houston, Texas 77002
                                                 Tel: (713) 224 6508
                                                 Fax: (713) 225 1560

E-mail: Danny@Sheenalawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

**THE SHEENA LAW FIRM**

By: _____
    JASON P. SCOFIELD
    State Bar No. 00793561
    1001 Texas, Suite 240
    Houston, Texas 77002
    Tel: (713) 224 6508
    Fax: (713) 225 1560
    E-mail: Jason@Sheenalawfirm.com

**ATTORNEYS FOR PLAINTIFF**